## No. 5079.

HARRIET B. KELLOGG et als. *v.* J. V. DURALDE, Sheriff, et als.

Under no circumstances, according to our jurisprudence, can the plaintiffs recover any portion of the community property, sold for a community debt, without first paying or tendering the amount by which they have been benefited from the price thereof paid by the purchaser.

APPEAL from the Fifth Judicial District Court, parish of West Baton Rouge. *Posey*, J. *Fuqua & Callihan*, for plaintiffs and appellants. *Favrot & Lamon*, for defendants and appellees.

HOWELL, J. This is a third opposition filed by the children and heirs of Mrs. E. M. Woods, deceased, wife of James C. Woods, in which they claim to be the owners, by inheritance from their mother, of an undivided half of the property seized and advertised for sale, at the suit of J. W. Burbridge & Co. *v.* James C. Woods. They claim that their rights to said property were determined by judgment in January, 1868, against their father, James C. Woods, and they ask, if the sale is persisted in by Burbridge & Co., it be annulled as to their said half.

Burbridge & Co. filed peremptory exceptions to the action of plaintiffs; that by averments and judgment in their suit they have accepted purely and simply the succession of their mother and made themselves responsible for the debts of the community, including that due exceptors, for which they obtained judgment in the sum of $18,138 20 with recognition of mortgage for $12,000, dating from nineteenth of April 1855, in which the mother of plaintiffs intervened and renounced; that they can not recover until they refund the prices applied to their debt; further, that at the sale of the property in question, the exceptors bought the same for $3648, which *pro tanto* was applied to the extinguishment of a debt due by the community, and that before plaintiffs can recover the half of said property they must pay or tender the sum by which they are thus benefited, and further that plaintiffs' suit is an indirect attempt to attack collaterally exceptors' judgment against James C. Woods, which is final and executory.

These exceptions were referred to the merits, and after answer filed, judgment was rendered dismissing the claim of third opponents and sustaining the sale to Burbridge & Co., from which the plaintiffs appealed.

The evidence seems very clear that at least the sum of $5269 87, the balance due to Burbridge & Co., on nineteenth April 1859, succeeding the death of Mrs. Woods, was a debt of the community which has never been settled, and that since that date the said indebtedness has not decreased, but has increased to about $18,000 under the management of the surviving spouse and usufructuary, and under no

circumstances, according to our jurisprudence, can the plaintiffs recover any portion of the community property, sold for a community debt, without first paying or tendering the amount by which they have been benefited from the price thereof, paid by the purchaser. See 19 An. 508; 21 An. 383; 23 An. 424; 24 An. 324, 534; 25 An. 314, 379.

The pleadings and facts of the record, however, make it appear that their rights in this respect ought to be reserved.

It is therefore ordered that the judgment appealed from be amended by reserving plaintiffs' right to assert their claim, if any they have, in a further action, and as thus amended it be affirmed. Costs of appeal to be paid by appellees.

Rehearing refused.